UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>JEREMY BRYANT,<br><br>　　　　　　　Defendant. | CASE NO. 3:23-CR-5196-BHS<br><br>**DETENTION ORDER** |

The Defendant, Jeremy Bryant, stands charged with Possession of Child Pornography (Count 1); Aggravated Sexual Abuse of a Child (Count 2) and Sexual Abuse of a Child (Count 3). Dkt. 11, Indictment. The Court, having conducted a detention hearing under 18 U.S.C. § 3142(f), concludes that there are no conditions the defendant can meet that would reasonably assure the safety of any other person and the community.

**APPLICABLE LAW**

The Court must interpret and apply the Bail Reform Act "consistent with the defendant's constitutional and statutory rights." *U.S. v. Townsend,* 897 F.2d 989, 994 (9th Cir. 1990). The defendant is entitled to the presumption of innocence. *Taylor v. Kentucky,* 436 U.S. 478 (1978). The purpose of a detention hearing under the Bail Reform Act is to determine whether, taking into full consideration the defendant's

DETENTION ORDER - 1

constitutional rights and that the defendant is presumed innocent, the defendant should nevertheless be detained pending trial. *U.S. v. Motamedi,* 767 F.2d 1403, 1405-08 (9th Cir. 1985).

Upon the government's motion in a case of a felony involving minor victims, the Court must hold a hearing to determine whether any condition or combination of conditions set forth in 18 U.S.C. § 3142(c) "will reasonably assure the appearance" of the defendant and "the safety of any other person and the community." 18 U.S.C. § 3142(f)(1)(E). If, after the hearing, the Court finds "no condition or combination of conditions" will reasonably assure . . .the safety of any other person and the community, the Court may enter an order of detention. 18 U.S.C. § 3142(e)(1).

As a result of the charges of child pornography possession and sexual abuse of a child (with respect to allegations of defendant's acts against his stepson, and with respect to allegations of his acts against his daughter), there is a statutory presumption – subject to rebuttal by the defendant: "no condition or combination of conditions" exists that will reasonably assure the defendant's appearance as required and for the safety of the community. 18 U.S.C. § 3142(e)(3)(E). The defendant may rebut this presumption by "coming forward with some evidence that he will not flee or endanger the community if released." *United States v. Dominguez*, 783 F.2d 702, 707 (2nd Cir. 1986). The Court may make a finding of dangerousness even if the defendant does not have a criminal history, or any violent history whatsoever. *U.S. v. Hir,* 517 F.3d 1081, 1090 (9th Cir. 2008).

Once the defendant meets the burden of rebutting the presumption, the presumption does not disappear or shift the burden of persuasion to the defendant.

DETENTION ORDER - 2

*United States v. Dominguez*, at 707. Rather, the burden of persuasion remains with the government once the burden of production is met. *Id.* The presumption remains in the case, however, "as an evidentiary finding militating against release, to be weighed along with other evidence relevant to" the Section 3142(g) factors. *Id; U.S. v. Hir,* 517 F.3d at 1086.

If the defendant rebuts that presumption, the Court—in determining whether release will reasonably assure the defendant's appearance as required and for the safety of any other person and the community—must take into account "the available information" concerning:

(1) the nature and circumstances of the offense charged, including whether the offense . . . involves a minor victim . . .

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including—

    (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and

(4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g). The weight of the evidence is the least important factor to consider. *Motamedi*, 767 F.2d at 1406.

Regarding risk of dangerousness concerning the safety of any person or the community, the government's burden of proof is "clear and convincing evidence." 18

DETENTION ORDER - 3

U.S.C. § 3142(f). The government bears the burden of proving risk of non-appearance/risk of flight by "a clear preponderance of the evidence." *Motamedi*, 767 F.2d at 1406-07; *United States v. Townsend*, 897 F.2d 989, 994 (9th Cir. 1990). The Court may consider the nature of the current offense, and evidence of guilt, but the Court is not required or permitted by the Bail Reform Act to make any pretrial determination of guilt. *Motamedi,* at 1408. These factors are considered "only in terms of the likelihood that the person will fail to appear or will pose a danger to any person or to the community." *Id.*

## FINDINGS AND REASONS FOR DETENTION

The defendant is charged with a violation of 18 U.S.C. §§ 2241(c), 2246(2)(D), and 7, and 2243(a), involving allegations that he committed sexual acts with MV1, his daughter, a minor, and MV 2, his stepson, also a minor; and under 18 U.S.C. §§ 2252(a)(4)(A) and (B), (b)(2), 3261(a)(1), and 3238, involving allegations that the Defendant possessed sexually explicit photographs of children on his electronic devices. Dkt. 1, Complaint; Dkt. 11, Indictment. The defendant proffered information about a proposed release plan that would be sufficient evidence to rebut the statutory presumption of detention. Yet, even after the rebuttable presumption has been successfully overcome by the defendant, the Court concludes that there is no condition, or combination of conditions, that would reasonably mitigate the extreme risk of danger of sexual acts toward vulnerable children, or assure the safety of other persons or the community with respect to the allegations of defendant's conduct toward his stepson and his daughter, as well as the possession of child pornography that victimized the children depicted in the photographs. The Court has reviewed the allegations against

the defendant and considered the arguments and information presented during the detention hearing as well as in the parties' submissions (Dkt. 23, Defendant's memorandum; Dkt. 24, Government's memorandum). The Court finds the defendant poses a risk of danger to any person or the community -- established by clear and convincing evidence.

As to the defendant's history and characteristics, the Court is mindful that the defendant is a sergeant in the United States Army with no prior criminal history. Dkt.23, Defendant's Memorandum, and Dkt. 4, Pretrial Services Report; Dkt. __, First Supplemental Pretrial Services Report.

In this case, there is a serious risk of danger to others and danger to the community. The Government has met its burden by clear and convincing evidence. The Government's evidence in support of the motion for detention has outweighed the defendant's evidence of his lack of criminal history, exemplary military service, and proposed residence on JBLM.

Regarding the nature of the charged offense and allegations, as well as the evidence against the defendant, the charged offense, and allegations of the Complaint, Dkt. 1, are extremely serious, the charged offenses of sexual abuse were conducted over many years, with surreptitious sexual behavior of an ongoing nature starting in 2017 and involve abuse of two children who were in the defendant's care and custody at the time of the alleged acts – defendant's stepson, and defendant's daughter. *See generally United States v. Brugnoli-Baskin,* No. 2:22-mj-00499-MAT-LK, 2022 WL 16636429 at *5-*6 (W.D. Wash. Nov. 2, 2022) (District Judge found that the seriousness of child sexual abuse allegations was immense; overturned the previous decision of the

Magistrate Judge releasing defendant; and found that electronic monitoring would not be a sufficient condition to mitigate the risk that defendant would secretly engage in predatory sexual behavior); *United States v. Petersen,* No. 17-cr-00259-CRB-1/JD, 2017 WL 2179591 at *4 (N.D. Cal. May 5, 2017) (District Judge held "[t]he nature and circumstances of the charged offense entail the sexual exploitation of children—one of the gravest and most serious crimes that a defendant can be charged with", was an important factor that led to the District Judge's decision overturning a Magistrate Judge's previous order releasing the defendant). Also, the allegations concern victims of the child pornography offense alleged in this case, photographed in sexually explicit ways, and the defendant allegedly possessed these photographs of vulnerable young children.

     The remaining question is whether it is possible to reasonably mitigate the risks of dangerousness by imposing structured conditions of release. The proposed conditions of release that the defendant addressed in the hearing were not adequate. Even if the United States Army would be willing to provide a place of residence for Mr. Bryant, the supervision that would be required in order to address dangerousness to others, and dangerousness to the community, would be impossibly onerous for the military supervisors and for the United States Probation officers. The offenses alleged in the complaint and indictment occurred on military installations. Dkt. 1, 11. Releasing the defendant to be supervised on a military base would be releasing him into the same environment in which the alleged offenses happened. Constant and comprehensive oversight, given the nature of the charges that involve access to child pornography on electronic devices, would be basically impossible. *See U.S. v. Minnici,* 128 Fed. App'x

DETENTION ORDER - 6

827 (2nd Cir. 2005) (detention order upheld where the defendant's alleged activities involved the defendant using the Internet to access child pornography; such activities could be undertaken in any place where the defendant can find access to the Internet would make it practically impossible to supervise on release).

Although the defendant's proposed residence would be five miles away from where the alleged victims reside, this does not mitigate against the defendant's potential for being in an area where other children might be present. No third-party custody arrangement was proposed – and given the number of responsibilities that each person employed on JBLM has for their military duty, the other individuals who work with Mr. Bryant would not have time or opportunity to keep eyes on him and confirm that he has no access to children. *See generally, United States v. Epstein,* 425 F. Supp.3d 306, 314-315 (S.D.N.Y. 2019) (finding an ongoing danger where the alleged sex crimes, of an addictive nature, "cannot be suppressed simply by a restrictive set of bail conditions."). There are no conditions that would allow the Court to release the defendant and mitigate the serious risks of dangerousness.

It is therefore **ORDERED**:

(1) Defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences, or being held in custody pending appeal;

(2) Defendant shall be afforded reasonable opportunity for private consultation with counsel;

DETENTION ORDER - 7

(3)     On order of a court of the United States or on request of an attorney for the Government, the person in charge of the correctional facility in which Defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4)     The Clerk shall provide copies of this order to all counsel, the United States Marshal, and to the United States Probation and Pretrial Services Officer.

DATED this 25th day of September 2023.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge

DETENTION ORDER - 8